IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

PETER KELLY LONG,

    Petitioner,

vs.

JEREMY LARSON,

    Respondent.

No. 20-cv-3054-LRR

**ORDER**

## I. INTRODUCTION

The matters before the court are Respondent Jeremy Larson's Motion to Dismiss (docket no. 11), seeking dismissal of Petitioner Peter Kelly Long's 28 U.S.C § 2254 petition; and three separate motions filed by Long: the (second) pro se Motion to Appoint Counsel (docket no. 15), pro se Motion for the Court to Take Notice of Authorities (docket no. 23) and pro se Motion for Certificate of Appealability (docket no. 24).

## II. BACKGROUND

On December 1, 2011, following a jury trial, the Iowa District Court for Webster County ("the district court") found Long guilty of third-degree sexual abuse in violation of Iowa Code §§ 709.1(3) and 709.4(2)(b). A bifurcated bench hearing was held on the same day to determine whether an enhanced sentence was applicable pursuant to Iowa Code § 902.14(1)(b),(c) due to Long's prior 1996 conviction. *See* docket no. 6-6 at 1-2. On December 2, 2011, the State moved that the record be reopened with regard to the sentence enhancement and on December 20, 2011, over Long's objection, the court accepted the testimony of the court reporter who took the record at Long's 1996 trial to establish the fact that Long's prior convictions constituted a violation which would make Long subject to sentence enhancement under Iowa Code § 902.14(1)(b), (c). *See* docket

no. 6-6 at 2. As a result, Long was sentenced to life in prison without parole on February 3, 2011. *Id*.

Long appealed, arguing that the district court erred in granting the state's motion to reopen the record. *See* docket no. 6-4 at 5.[1] The Iowa Court of Appeals reversed, and ruled:

> Without considering whether Iowa Rule of Criminal Procedure 2.19(9) required Long to object before trial on the substantive offense, we find in this case that reopening the record and allowing the State to call a late-noticed witness to prove the enhancement unfairly undermined Long's strategy and constituted an abuse of the district court's discretion. Accordingly, we vacate the sentence and remand for the district court to determine whether the State's original evidence—offered before the reopening of the record—satisfied its burden to prove beyond a reasonable doubt that the defendant previously violated subsection (1) or (2) of Iowa Code section 709.8.

*State v. Long*, 810 N.W.2d 26 (Table), 2011 WL 6740164 (Iowa Ct. App. Dec. 21, 2011), vacated, 814 N.W.2d 572 (Iowa 2012). The Iowa Supreme Court granted further review and vacated the Iowa Court of Appeals decision on June 8, 2012. *State v Long*, 814 NW 2d 572 (Iowa 2012). The Iowa Supreme Court affirmed the decision of the Iowa District Court for Webster County which found Long guilty of third-degree sexual abuse in violation of Iowa Code §§ 709.1(3) and 709.4(2)(b) and also affirmed the life sentence imposed. *Id*. On July 11, 2012, the Iowa Supreme Court filed procedendo. *See* docket no. 6-7.

On October 26, 2012, Long filed his first petition for post-conviction relief (PCR) in the Iowa District Court for Webster County. *See* docket no. 6-9 at 9. Long was represented by counsel in that action. *See* docket no. 1 at 5. Long alleged that his lawyer

---

[1] The pleadings were filed improperly and Appellant's brief is erroneously identified in the index as the Appellee's brief at docket no. 6.

provided ineffective assistance by advising that Long waive a jury trial on the sentencing enhancement. He additionally argued that his enhanced sentence constitutes cruel and unusual punishment. *See* docket nos. 6-13, 6-14 at 1. The district court denied relief, and the Iowa Court of Appeals affirmed. *Long v. State II*, 898 N.W.2d 202 (Table), 2017 WL 514400, at *1 (Iowa Ct. App. Feb. 8, 2017). The Iowa Supreme Court both denied Long's application for further review and issued procedendo on March 29, 2017. *See* docket no. 6-10. On October 10, 2013, while his first PCR motion was pending, Long filed a motion to correct illegal sentence, alleging his prior convictions did not qualify as predicate felonies that trigger the enhanced penalties pursuant to Iowa Code § 902.14 because at the time that he pled guilty to them each was classified as a class "D" felony and not a class "C" felony as required to trigger the enhancement. *See* docket no. 6-1. The motion was denied. *Id.* at 5. Both the Iowa Court of Appeals and the Iowa Supreme Court dismissed the appeal as untimely and issued procedendo on October 31, 2014. *See* docket no. 14 at 9-10.

On April 26, 2107, Long filed a second PCR claim in the Iowa District Court for Webster County, again raising the argument that his prior convictions do not qualify as predicate felonies that trigger the enhanced penalties pursuant to Iowa Code § 902.14 because at the time that he pled guilty to them each was classified as a class "D" felony and not a class "C" felony as required to trigger the sentencing enhancement. Long also argued that the court erred in not instructing the jury regarding lesser included offenses. *See* docket no. 6-20 at 8-9. Long was represented by counsel for his second PCR claim. *See* docket no. 1 at 6. The district court dismissed the second PCR claim as untimely. *See Long v. State III*, 922 N.W.2d 104 (Table), 2018 WL 3302203, at *1 (Iowa Ct. App. July 5, 2018). On July 5, 2018, the Court of Appeals affirmed the trial court's determination that all but one of Long's claims were filed more than three years following procedendo following Long's direct appeal and were time barred. *See id*. The Iowa Court of Appeals, ruled, however:

> On appeal, Long also alleges his sentence is illegal. Although this claim was not asserted below, a challenge to an illegal sentence may be asserted at any time. *See State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009). Long argues his sentence is illegal because his prior convictions do not qualify as predicate felonies that trigger the enhanced penalties under Iowa Code section 902.14. (2009), citing *State v. Oliver*, 812 N.W.2d 636, 639 (Iowa 2012). This claim was raised and decided in Long's appeal of his first PCR action. *See Long*, 2017 WL 514400, at *5. Our prior ruling affirming his sentence on the same grounds is final and cannot be revisited. *See Snyder v. State*, 262 N.W.2d 574, 578 (Iowa 1978).

*Id*. On August 28, 2018, the Iowa Supreme Court denied further review and filed procedendo. *See* docket no. 6-16.

On February 28, 2018, while his second PCR claim was pending in state court, Long filed a habeas petition with this court. (*Long v. Sperflogy*, 18-CV-4018-LRR, docket no. 1). Long also filed a motion to stay the proceeding until the Iowa Supreme Court decided his second postconviction appeal. (18-CV-4018-LRR, docket no. 3). This court dismissed the petition without prejudice but in the order stated:

> Assuming, without deciding, that [Long] timely filed the above captioned case to preserve issues raised [in] his first post-conviction action (15-1231), those issues will be considered timely filed if they are included in a subsequent § 2254 petition filed after the final state court resolution of case 17-1049. Put another way, the court will consider [Long's] claims from both postconviction cases tolled until the conclusion of the second post-conviction case.

(18-CV-4018-LRR, docket no. 4 at 2 n.1).

On October 4, 2018, Long filed a pro se motion to reopen his habeas claim. (18-CV-4018-LRR, docket no. 6). On December 12, 2018, the court entered an Order (18-CV-4018-LRR, docket no. 7) stating that, "[t]o the extent that [Long] is requesting the court to reopen his prior case, that motion . . . is denied." Further, the court directed the Clerk of Court to "file [Long's] motion (docket no. 6) as a new pro se petition pursuant to 28 U.S.C. § 2254 and open a new case as of the date he filed that document."

4

*Id*. The court also gave Long "thirty days from the date of this order to file an amended petition using the provided form." *Id*. The court admonished Long that if he failed "to file an amended petition within thirty days . . . the new case will be dismissed with no further order of the court." *Id*. at 2. Accordingly, the Clerk of Court opened another case under Long's name on December 12, 2018. *See* Case No. 18-CV-3070-LRR, docket no. 1.

On December 3, 2018, Long filed a pro se third PCR claim in the Iowa District Court for Webster County, alleging that his PCR counsel who represented him in his second PCR claim was ineffective. *See* docket no. 6-23 at 3. Long also alleged that the time bar exception in *Allison v. State*, 914 N.W. 2d 866 (Iowa 2018) applied in promptly filed third PCR actions and should excuse his untimeliness in challenging whether the judge who presided at his trial should have recused himself. *See* docket no. 6-29 at 3. *See also* docket no. 1 at 7.

Long did not file an amended petition in his habeas action within thirty days as directed by the court; but instead, on December 27, 2018, filed a pro se motion to stay. (18-CV-3070-LRR, docket no. 3). In that motion, Long requested that the court "[s]tay any further action . . . until such time when the [l]ast and 3rd [post-conviction relief (PCR)] in Webster County district [c]ourt is finished." *Id*. However, the court opted to again dismiss the petition without prejudice pending Long exhausting his state court remedies. (18-CV-3070-LRR, docket no. 5).

Long's third PCR action was dismissed by the Iowa District Court for Webster County. Long appealed to the Iowa Court of Appeals and the decision was affirmed. *Long v. State*, 947 N.W.2d 777 (Table), 2020 WL 2061934 (Iowa Ct. App. Apr. 29, 2020). On April 29, 2020, the Iowa Court of Appeals ruled that Long's case did not fall into the narrow exception created by *Allison v. State*, 914 N.W. 866 and that there was no evidence that the district judge erred in refusing to recuse himself. *Id*. at *1-*3. Long sought further review, which was denied by the Iowa Supreme Court on July 16, 2020.

Procedendo issued the same day. Long mailed the present petition on October 21, 2020. *See* docket no. 1.

In his petition, Long raises eight distinct claims: (1) the enhancement proceedings would have been different if the enhancement phase was by jury trial rather than a bench trial; (2) Long's trial counsel who instructed Long to waive his right to a jury trial in the enhancement phase was ineffective; (3) the district judge should have recused himself in the enhancement phase because he had personal knowledge of Long's prior convictions; (4) the enhancement of Long's sentence was illegal pursuant to Iowa statutes because the issue of sentencing enhancement was raised prior to his conviction; (5) trial counsel provided ineffective assistance by failing to request a jury instruction regarding lesser-included offenses; and (6) the district judge should have recused himself in the PCR case because of a conflict of interest.

On February 22, 2021, the petitioner filed his first Motion for Appointment of Counsel. *See* docket no. 2. The court denied Long's first motion to appoint counsel. *See* docket no. 3 at 7. On August 25, 2021, respondent filed the state court documents. *See* docket nos. 6, 8.

On July 29, 2021, the court ordered (docket no. 4) the State to file a limited response or dispositive motion addressing whether Long' petition is timely and whether Long properly exhausted his claims. On October 26, 2021, respondent filed the Motion to Dismiss, arguing that Long's petition is not timely filed and that, with the exception of Ground Two, Long has failed to exhaust his claims before the Iowa state courts. *See* docket no. 11. On February 14, 2022, Long filed a resistance to the motion to dismiss. *See* docket no. 22.

### *III.* **LONG'S MOTION FOR THE COURT TO TAKE NOTICE OF AUTHORITIES**

In the Motion to Take Notice filed February 14, 2022, Long states that:

> The Petitioner, Peter Long, [] pro se, [] moves this court with a Motion of Leave of Court, request to be exempt from E-filing and paper copies for appendix of the [two] briefs[.]…

Motion to Take Notice at 1. Long went on to cite that he was indigent with no prison job and no funds to copy the documents, and that the documents are readily available to the court on Iowa State Court website. *Id*.

On March 3, 2022, the state filed a response indicating that it did not oppose Long's request to not be required to provide the court publicly available documents. *See* docket no. 25. The Motion to Take Notice is granted.

## IV. MOTION TO DISMISS

### A. Standards

#### 1. Habeas Standards

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). However, 28 U.S.C. § 2254 "sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Section 2254(a) provides that a federal court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, Long alleges violations of the Fifth, Sixth and Eighth Amendments of the United States Constitution. *See* docket no. 1.

A federal court's review of a state court decision under § 2254 is deferential. *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). A state court decision on the merits should not be overturned unless it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A petitioner must also comply with procedural rules. First, a statute of limitations applies to habeas petitions: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). Second, a petitioner must exhaust his federal claims in the state courts. *Welch v. Lund*, 616 F.3d 756, 758–59 (8th Cir. 2010) ("Therefore, an Iowa prisoner whose appeal is deflected to the Iowa Court of Appeals must file an application for further review in the Supreme Court of Iowa to exhaust his claims properly in the state courts.").

### 2. *Motion to Dismiss Standards*

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Furthermore, a motion to dismiss a section 2254 petition on procedural grounds, such as Long's failure to exhaust state remedies, is proper under the Rules Governing Section 2254 Proceedings (the 2254 Rules). *See Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015).

In deciding a motion brought pursuant to Rule 12(b)(6), the court may consider certain materials outside the pleadings, including (1) "the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,' " *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)), and (2) " 'materials that are part of the public record or do not contradict the complaint.' " *Miller v. Redwood Toxicology Lab., Inc.*, 688

F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). Thus, the court may "consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller*, 688 F.3d at 931 n.3 (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

The State avers that Long's petition is untimely and that with the exception of Grounds One and Two, which are intertwined, the claims it presents are not properly exhausted and are procedurally defaulted.

## B. *Exhaustion*

### 1. *§ 2254 Exhaustion Standard*

To have exhausted properly, a petitioner must have "fairly presented the substance of the claim to the state courts." *Anderson v. Groose*, 106 F.3d 242, 245 (8th Cir. 1997). State courts should have a "fair opportunity to apply controlling legal principles to the facts bearing upon [the] claim. . . ." *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)) (internal quotation marks omitted) (alteration in original). Procedural default pursuant to an independent and adequate state procedural rule precludes federal habeas review unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Id.*; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In Iowa:

> a party wishing to appeal a ruling of an Iowa district court may appeal to the supreme court. Iowa R.App. P. 6.1(1) (2007); *see Effler*, 769 N.W.2d at 883. The supreme court may then choose to transfer any case (except a case in which state law grants that court exclusive jurisdiction) to the court

9

of appeals. Iowa Code §§ 602.4102(2), 5103(3); Iowa R.App. P. 6.401(1) (2007); *see Effler*, 769 N.W.2d at 883. "Once a transfer has been made, the supreme court no longer has jurisdiction of the matter, unless a party seeks further review of the court of appeals decision." *Effler*, 769 N.W.2d at 883; *see* Iowa Code § 602.4102(2). The supreme court regains jurisdiction only if it grants an application for further review. *Effler*, 769 N.W.2d at 883; Iowa Code § 602.4102(2), (4); *see* Iowa R.App. P. 6.402 (2007). Nothing in Iowa law indicates that an application for further review in the supreme court is an extraordinary measure outside of the state's established appellate review process. *Cf. Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir.2005) (analyzing Nebraska's appellate review process); *Dixon*, 263 F.3d at 779 (analyzing Missouri's appellate review process). Therefore, an Iowa prisoner whose appeal is deflected to the Iowa Court of Appeals must file an application for further review in the Supreme Court of Iowa to exhaust his claims properly in the state courts.

*Welch v. Lund*, 616 F.3d 756, 758–59 (8th Cir. 2010).

### 2. Analysis

Respondent argues that:

Ground One is basically the prejudice prong of Ground Two's ineffective assistance of counsel claim. To that extent, it is exhausted and can merge with Ground Two. As a standalone claim, it is unexhausted. Grounds Three, Four, and Six challenge the postconviction trial judge's participation on account of him being the trial judge. Ground Five is an ineffective-counsel claim for failure to ensure lesser-included offenses were in marshaling jury instructions. Long did not present Grounds Three through Six through one complete round of state proceedings and each is unexhausted. *Welch*, 616 F.3d at 759. The petition is thus mixed and must be dismissed, amended to delete unexhausted claims, or otherwise cleansed of unexhausted claims. *Rhines*, 544 U.S. at 277-78.

(docket no. 14 at 32).

The court agrees with the respondent that Long properly exhausted all state remedies with regard to the issue raised as Ground Two and agrees that Ground One does not stand on its own merits, but survives to the extent that it is intertwined with Ground Two. In his first PCR action, Long argued that his trial counsel provided ineffective

10

assistance of counsel by advising him to waive his right to a jury in the sentencing enhancement portion of his trial. *See* docket no. 6-13 at 5. This action was timely filed. The Iowa Court of Appeals affirmed judgment. *Long*, 2017 WL 514400, at *1. The Iowa Supreme Court denied further review on March 29, 2017 and issued procedendo the same day. *See* docket no. 6-10 at 1.

In both Ground Three and Ground Six, petitioner alleges the district judge should have recused himself at differing points in the process due to the fact that the judge had personal knowledge of Long's prior convictions. The record reflects that Long raised the issue in the context of ineffective assistance of counsel in failing to ask for recusal but does not indicate that Long directly raised the issue.

Long's first PCR application alleged in part that his counsel provided ineffective assistance by failing to request that Judge Wilke recuse himself during the sentencing portion of the case. *See* docket no. 6-13 at 5. This first PCR application was timely filed with the Iowa District Court for Webster County. This argument was not specifically addressed in Long's appeal from the denial of his first PCR claim. *Long*, 2017 WL 514400, at 3-4. The Iowa Court of Appeals affirmed the dismissal of the first PCR application. *Id*. at *6. The Iowa Supreme Court denied review and Procedendo issued on March 29, 2017.

In his third PCR application on December 3, 2018, Long also challenged whether counsel provided ineffective assistance by failing to argue that the judge who presided at his trial should have recused himself. *See* docket no. 6-29 at 6. Long's third PCR action was dismissed by the district court as untimely. Long appealed to the Iowa Court of Appeals and the decision was affirmed. The Supreme Court also denied Long's PCR application and issued procedendo on July 16, 2020. *See* docket no. 6-24 at 1.

Given the history as related above, the court will liberally construe Long's petition to assert that counsel provided ineffective assistance of counsel in failing to move that the district court judge recuse himself and find that Long did technically exhaust the issue.

11

However, a petitioner can technically exhaust his claims but still procedurally default on them, precluding federal habeas review except in rare circumstances:

> 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief unless it appears that the applicant has exhausted the remedies available in the courts of the State. Because this requirement refers only to remedies still available at the time of the federal petition, it is satisfied if it is clear that the habeas petitioner's claims are now procedurally barred under state law. However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.

*Wemark v. Iowa*, 322 F.3d 1018, 1022 (8th Cir. 2003)).[2]

Long failed to raise the issue in his appeal before either the Iowa Court of Appeals or the Iowa Supreme Court when he appealed the dismissal of his first, timely-filed PCR. He abandoned that issue on appeal and thus procedurally defaulted on it. Additionally, the third PCR was not timely filed and even if he had properly raised the issue on appeal, it remained procedurally defaulted. Thus, he procedurally defaulted in both instances and the court finds that Grounds Three and Six are procedurally defaulted.

The court finds that with regard to Ground Four Long has failed to show that he has exhausted state court review of the issue. Long alleges in Ground Four of his petition that the district court violated due process by enhancing his sentence prior to trial. *See*

---

[2] *See also Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("The exhaustion doctrine, in other words, turns on an inquiry into what procedures are 'available' under state law."); "The rule that certain state court procedural defaults will bar a petition for federal habeas corpus extends to procedural defaults occurring in the course of state post-conviction proceedings, as well as to procedural defaults occurring at trial or on direct appeal in the state courts." *Kilmartin v. Kemna*, 253 F.3d 1087, 1087 (8th Cir. 2001)).

docket no. 1 at 14. This argument was not brought before the state courts in any proceeding of record.

In Ground Five petitioner alleges that trial counsel provided ineffective assistance by failing to request a jury instruction regarding lesser-included offenses. The court finds that Long did properly raise this issue when he filed his second PCR and sought to have the matter reheard when he filed his third PCR. *See* docket no. 6-25 at 8. However, Long's second and third PCR were untimely and thus the issue was procedurally defaulted. Long's claims of error set forth as Ground Five, although raised in his second PCR, were also procedurally defaulted because they were not raised in a timely manner.

Thus, the court finds that should Long's petition be found to be timely, Ground Two, and Ground One to the extent that it is intertwined with Ground Two, are the only grounds set forth in Long's petition that are not unexhausted and/or procedurally defaulted.

## C. *Timeliness of Appeal*

The State avers that Long's petition is untimely.

Under the AEDPA, applications for habeas corpus relief are subject to a one-year statute of limitations as provided in 28 U.S.C. § 2244(d)(1). "By the terms of [§] 2244(d)(1), the one-year limitation period begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final." *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).

Here, the Iowa Court of Appeals reversed the district's court's ruling as to enhancement of Long's sentence on December 21, 2011. The court liberally reads the decision of the Iowa Court of Appeals to hold that the district court violated Long's Fifth Amendment right to due process of law. The Iowa Supreme Court granted further review, and, on June 8, 2012, vacated the decision of the Court of Appeals. On July 13, 2012, procedendo issued. As Long did not seek a writ of certiorari from the United

13

Case 3:20-cv-03054-LRR-KEM    Document 26    Filed 06/07/22    Page 13 of 19

States Supreme Court, the conviction became final 90 days later on September 6, 2012, the date of the expiration of time for filing a petition for a writ of certiorari with the United States Supreme Court. Thus, the AEDPA one-year statute of limitation started to run on September 6, 2012. *See* 28 U.S.C. § 2244(d)(1)(A) (the limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining 28 U.S.C. § 2244(d)(1)(A) ); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

Due to the one-year statute of limitation under 28 U.S.C. § 2254, Long's 28 U.S.C. § 2254 application is only timely if the limitations period was "tolled" for all but a period of less than one year between September 6, 2012, that is, the date that Long's conviction became final, and October 26, 2020, that is, the date that Long filed the instant action. *See Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000). PCR actions filed before or during the limitation period for habeas corpus actions are "pending" and the limitation period is tolled during: (1) the time "a properly filed" PCR action is before the district court; (2) the time for filing of a notice of appeal even if the petitioner does not appeal; and (3) the time for the appeal itself. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002) (discussing application of 28 U.S.C. § 2244(d)(2) ); *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year limitation] period during the pendency of a petition for certiorari."); *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (holding that an application is tolled during the interval "between (1) a lower court's adverse determination, and (2) the prisoner's filing of notice of appeal, provided that the filing of the notice of appeal is timely under state law"); *Snow*, 238 F.3d at 1035-36 (concluding that 28 U.S.C.

§ 2244(d)(2) does not toll the limitation period for the 90 days during which a petitioner could seek certiorari from a state court's denial of PCR).

After Long's conviction became final on September 6, 2012, Long properly filed a state PCR action forty-nine days later on October 25, 2012. That case lasted until procedendo issued from the Iowa Supreme Court on March 29, 2017. The AEDPA one-year limitation period was thus tolled from October 25, 2012 to March 29, 2017.

Long filed a second state PCR action on April 26, 2017. The question is whether that second PCR action was properly filed such that it again tolled the one-year statute of limitations. The Iowa district court determined that the second PCR case was untimely under Iowa law. The Iowa Court of Appeals upheld the district court's ruling. The Court of Appeals addressed one single claim raised by Long in his brief, the argument that Long's sentence was illegal because his prior convictions do not qualify as predicate felonies that trigger the enhanced penalties under Iowa Code section 902.14. The Court of Appeals noted that the issue had been raised and addressed in a prior proceeding and that the issue could not be addressed again. Thus, Long's second application for PCR could not be deemed to be a "properly filed" action and the one-year limitation period was not tolled. *See Walker v. Norris*, 436 F.3d 1026, (8th Cir. 2006) (making clear that, when an application for PCR is untimely under state law, it is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)); *Beery v. Ault*, 312 F.3d 948, 950-51 (8th Cir. 2002) (explaining that a "properly filed" application is one that meets all of the state's procedural requirements).

Because the second PCR case did not toll the statute of limitations, it started to run at the conclusion of his first PCR case. Long filed his first petition for PCR forty-nine days after his conviction became final. Accordingly, Long's application for habeas relief needed to be filed on or before February 8, 2018 to be timely. Long waited until February 26, 2018 to file his first habeas action with this court. *See Long v. Larson*

15

3:18-cv-3070-LRR-KEM. Thus, over one year passed without any portion of the applicable period being tolled.

Because the one-year time limit contained in 28 U.S.C. § 2244(d)(1) is a statute of limitation rather than a jurisdictional bar, equitable tolling, if applicable, may apply. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file [an application] on time." *Kreutzer*, 231 F.3d at 463 (equitable tolling "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) (equitable tolling reserved for extraordinary circumstances beyond a prisoner's control). "[E]quitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer*, 231 F.3d at 463 (citing *Niccolai v. United States Bureau of Prisons*, 4 F.3d 691, 693 (8th Cir. 1993)).

In the instant case, Long would have been granted equitable tolling if the initial petition for habeas relief was timely filed, based upon the language this court used in its prior order (cited above). However, because the initial petition for habeas relief, filed on February 26, 2018, was untimely, Long cannot rely on the court's prior order to argue in favor of equitable tolling. Long makes no other argument that would justify the application of equitable tolling. *See Jenkins v. Mabus*, 646 F.3d 1023, 1028 (8th Cir. 2011) (a party who seeks to invoke equitable tolling bears the burden of establishing the basis for it).

In sum, Long did not file his application for a writ of habeas corpus within the one-year statute of limitation. Because it is clear that 28 U.S.C. § 2244(d) bars the petitioner's action, the motion to dismiss shall be granted.

## V. LONG'S MOTION TO APPOINT COUNSEL

On October 29, 2021, Long filed a second Motion to Appoint Counsel in this case. *See* docket no. 15.

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in civil actions, it is not required to appoint an attorney. *See Davis v. Scott,* 94 F.3d 444, 447 (8th Cir.1996) (setting forth factors to be considered for appointment of counsel in a civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8 th Cir. 1991) (same); *Wiggins v. Sargent,* 753 F.2d 663, 668 (8th Cir.1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record in this action, the court finds that, at this time, the assistance of counsel is not warranted because the petitioner's only exhausted claim must be dismissed as untimely. Accordingly, Long's motion to appoint counsel shall be denied as moot.

## VI. CERTIFICATE OF APPEALABILITY

Long filed a Motion for a Certificate of Appealability. *See* docket no. 24. "In a habeas corpus proceeding . . . before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253(a). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . ." *Id*. § 2253(c)(1). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Federal Rule of Criminal Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if a petitioner "has made a substantial showing of the denial of a constitutional right." *See Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873–74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569

17

(8th Cir. 1997); *Tiedeman*, 122 F.3d at 522. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (*citing Flieger v. Delo,* 16 F.3d 878, 882–83 (1994)); *see also Miller–El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller–El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [petitioner must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, Long failed to make the requisite "substantial showing" with respect to the claims that he raised in his application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because there is no debatable question as to the resolution of this case, an appeal is not warranted. Accordingly, the court will not issue a certificate of appealability pursuant to 28 U.S.C. § 2253 and Long's motion (docket no. 24) is denied. If Long desires further review of his claims, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520–22.

18

## VII. CONCLUSION

For the reasons set out above:

1. Long's Motion for Court to Take Notice of Authorities (docket no. 23) is **granted**.

2. Respondent's motion to dismiss (docket no. 11) is **granted**. Long's § 2254 petition (docket no. 1) is **denied** and this case is **dismissed**.

3. Long's Motion to Appoint Counsel (docket no. 15) is **denied**.

4. Long's motion to for a certificate of appealability (docket no. 24) is **denied** and a certificate of appealability **shall not issue**.

**DATED** this 7th day of June, 2022.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA